UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 87-1957-RGS

RASHAD AKEEM RASHEED
(a/k/a/BOBBY RAY KINES)

v.

PETER ST. AMAND[1]

ORDER ON PETITIONER'S MOTION
FOR A CERTIFICATE OF APPEALABILITY

July 27, 2009

STEARNS, D.J.

On September 15, 2008, Petitioner filed a motion to vacate, set aside, and reopen the dismissal by Judge Mazzone of his third habeas petition on March 1, 1988.[2] As grounds for relief, Rasheed alleged that in 2007, his former attorney received for the first time over twenty-one documents related to his case. Included among the documents were several police reports, the Commonwealth's prospective witness list, and the Superior Court exhibit list. According to Rasheed, the documents indicate that the 1988 habeas dismissal was obtained through fraud on the court (specifically, the Assistant Attorney General's representation to Judge Mazzone that no exculpatory evidence had been withheld).

---

[1] Peter St. Amand has been substituted as the successor to the original respondent, James Bender. See Fed. R. Civ. P. 25(d)(1).

[2] Rasheed was convicted in 1975 of rape, armed robbery, and three counts of kidnapping.

On October 9, 2008, the court denied the motion, ruling that the proffered documents, even if they had been improperly withheld, "contain nothing that would 'undermine confidence in the verdict' establishing Petitioner's guilt. Kyles v. Whitley, 514 U.S. 419, 435 (1995)." Order on Petitioner's Motion for Relief From Judgment, October 9, 2008, at 1.  Two weeks later, Rasheed filed a motion for reconsideration.  The court thereafter instructed Respondent to respond to only one of Rasheed's allegations: the "failure to disclose any reports, records, statements, and names related to the collection of semen samples from the victim at Boston City Hospital, and Petitioner's claim that his blood type was inconsistent with the sample collected."  Electronic Order, October 29, 2008.

On October 31, 2008, before the deadline for Respondent's submission, Rasheed filed a supplemental motion for reconsideration.  On November 24, 2008, the court denied the motion in a Memorandum and Order.  The court found that the supplemental motion with one exception simply restated Rasheed's earlier arguments. The exception involved a female witness who testified at trial that Rasheed had robbed her of a diamond ring. (Rasheed argued that two police reports revealed an inconsistency in the witness's description of the ring, and that, had he been privy to the police reports, he would have used the inconsistencies to impeach the witness at trial).  The court found the inconsistencies to be immaterial, and denied the supplemental motion for reconsideration. See Memorandum and Order, November 24, 2008, at 4.  Undeterred, on November 28, 2008, Rasheed filed a motion for judgment on the pleadings and a motion for discovery. The court denied both motions on December 3, 2008.

On March 4, 2009, through counsel, Rasheed filed yet another motion for reconsideration. The court denied the motion on March 9, 2009. Another motion for reconsideration followed on April 28, 2009, and was denied on May 14, 2009. Rasheed's final motion for reconsideration was filed on June 11, 2009, and denied on June 12, 2009. On July 10, 2009, Rasheed filed a motion for certificate of appealability with respect to the court's denial of his motion for relief from judgment, as well as the multiple denials of his serial motions for reconsideration.

"Where a district court has rejected the constitutional claims on the merits, the showing required to [receive a certificate of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Rasheed's primary argument is that he is entitled to an appeal because when the court assumed oversight of this matter following Judge Mazzone's death, it failed to certify familiarity with the record pursuant to Fed. R. Civ. P. 63.[3]  Rule 63 provides:

> If a judge conducting a hearing or trial is unable to proceed, any other judge may proceed upon certifying familiarity with the record and determining that the case may be completed without prejudice to the parties.  In a hearing or a nonjury trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden.  The successor judge may also recall any other witness.

Assuming (*dubitante*) that Rule 63 applies to this habeas action, the court notes that the record makes it abundantly clear that in the nearly five years that it has presided over

---

[2]Rasheed makes no other specific arguments in his motion for a certificate of appealability. He merely asserts that reasonable jurists could debate this court's rulings on his various motions.

Rasheed's filings, the court has become intimately familiar with the case. The court issued its first Memorandum and Order in December of 2004, and its latest on November 24, 2008. Both memoranda, in conjunction with the court's rulings with regard to Rasheed's latest round of motions (including the court's initial willingness to entertain Rasheed's claim with regard to the semen sample), reflect the court's knowledge of the procedural and factual background of the case, as well as the applicable law.

There is no basis for Rasheed's suggestion that the court has not demonstrated sufficient familiarity with his case. Therefore, the motion for a certificate of appealability is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE